ROSENBERG et al. v. SEGALL.

(Supreme Court, Appellate Term, First Department. May 26, 1916.)

BILLS AND NOTES ⬌431—ACTIONS—PAYMENT—EVIDENCE.

Where defendant, on the due date of his note, drew a check in the amount thereof, which was certified, payable to a third party, who indorsed and delivered it to the bookkeeper for the holder of the note, with instructions to apply it on the note, which the bookkeeper, who had carried on negotiations for the parties in other transactions, promised to do, and to return the note, judgment for the holder for the amount of the note could not be sustained, although the check was applied on a general account and not on the note.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1257, 1258; Dec. Dig. ⬌431.]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Jacob Rosenberg and others against Rubin M. Segall. Judgment for plaintiffs, and defendant appeals. Reversed, and complaint dismissed.

Argued May term, 1916, before GUY, BIJUR, and COHALAN, JJ.

Mark Frackman, of New York City, for appellant.
Williams & Kohn, of New York City, for respondents.

COHALAN, J. Plaintiffs sued the defendant upon a promissory note made by the defendant, Rubin M. Segall, payable to the order of one B. Segall, and indorsed by him to the plaintiffs. The defense is payment. The note fell due on September 23, 1916, and at about 1 p. m. on that day it was presented at the defendant's place of business for payment, and was not paid. The testimony shows, substantially without dispute, however, that on the same day, and before the close of banking hours, a check was drawn by the defendant, to the order of B. Segall, for the exact amount of the note; that this check was certified and presented to the bank, which then held the note for collection, but that the bank refused to accept the check, because the plaintiffs' indorsement was not on the check. B. Segall, who had indorsed the check and tendered it to the bank, then returned it to the defendant, and informed him of the refusal of the bank to accept it, and of the reasons therefor. On the first business day after September 23d plaintiffs' bookkeeper called at the defendant's place of business and inquired about the payment of the note. Thereupon B. Segall, the payee, delivered the check to the bookkeeper, and instructed her to

---

apply it in payment of the note. She promised to do this, and also to return the note to the defendant. This was on September 27, 1916. It appears that the plaintiffs' place of business was closed from September 23d until September 27th, on account of the observance by plaintiffs of the Jewish holidays. It further appears that plaintiffs' bookkeeper represented the plaintiffs, and had carried on former transactions between the parties regarding notes. The plaintiffs conceded that the bookkeeper had informed them that she had received the check, but had said nothing about the note. The check was apparently credited to B. Segall's account. The learned trial justice found:

"I hereby find and decide that defendant has not sustained the burden of proving payment of the notes. I believe that the check was made by the drawer for the purpose of meeting the note, but the defendant's agent may not have used it for that purpose."

It is undisputed that the defendant directed the bookkeeper to apply the check upon the payment of this note. The bookkeeper was not called to contradict this testimony. The plaintiffs, it is true, had dealings with B. Segall, and the defendant had previously given his notes to B. Segall, but he had indorsed them over to plaintiffs in payment of goods received by him. In this instance, however, the plaintiffs' agent was expressly directed as to the manner in which to apply the check, which, as before stated, was drawn and certified on the due date, and which was for the exact amount of the note. Under the testimony a judgment in favor of the plaintiffs for the amount thereof cannot be sustained.

Judgment reversed, with $30 costs, and complaint dismissed, with costs. All concur.